# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41246
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN JESUS GARCIA-MORENO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1802-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Jesus Garcia-Moreno appeals the 70-month sentence imposed following his guilty plea to importing 500 grams or more of cocaine, in violation of 31 U.S.C. §§ 952, 960. He contends the district court erred both by inappropriately applying a Sentencing Guidelines enhancement; and by not providing an explicit ruling on his request for a mitigating-role adjustment and the factual basis for denying that request.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41246

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Garcia contends the court erred by applying a two-level Sentencing Guidelines enhancement based on his use of a minor to avoid detection of, or apprehension for, the offense. *See* U.S.S.G. § 3B1.4. Along that line, Garcia asserts he took no affirmative steps to involve his 15-year old daughter, who rode with him in a truck loaded with 4,991 grams of cocaine; and further, her presence was plausibly explained. *See United States v. Powell*, 732 F.3d 361, 380–81 (5th Cir. 2013).

The evidence reveals Garcia lied to Border Patrol Agents about the purpose of his trip and whether there were narcotics in his truck, and his daughter corroborated that false narrative. Consequently, the court could reasonably conclude the purpose of her presence was to help Garcia avoid detection by law enforcement. *Cf. Powell*, 732 F.3d at 381. In addition, the record demonstrates Garcia planned his crime in advance: he not only admitted his cocaine importation was knowing and intentional, but he told Border Patrol Agents he alone had control of his truck from the time he bought the cocaine to the time he was arrested—aside from a single, unspecified 10- to 15-minute period. "When a defendant's crime is previously planned . . . the

act of bringing the child along instead of leaving the child behind is an affirmative act that involves the minor in the offense". *United States v. Mata*, 624 F.3d 170, 176 (5th Cir. 2010). Consequently, the court did not err in applying the § 3B1.4 enhancement. *See id.* at 175.

Regarding the contention that the court erred by not explicitly ruling on his request for a mitigating-role adjustment and not articulating the factual basis for denying that request, *see* Guideline § 3B1.2, Garcia objected in district court only to the denial of a mitigating-role adjustment generally. Accordingly, the Government urges review is only for plain error. In his reply brief, Garcia maintains he preserved these more specific issues for review, notwithstanding his failure to lodge a specific objection. "If a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue". *Puckett v. United States*, 556 U.S. 129, 134 (2009). Garcia relies erroneously on decisions by this court that predate *Puckett* and do not expressly address preservation of error.

Because Garcia did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Garcia must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett*, 556 U.S. at 135. If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

In his reply brief, Garcia does not address how he satisfies the elements for plain-error review, relying instead on the position taken in his opening brief. In any event, he fails, *inter alia*, to show the requisite clear or obvious error.

AFFIRMED.